IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KEVIN VLADIMIR                     )
HENRIQUEZ-PEREZ,                   )
                                   )
          Petitioner,              )
                                   )
v.                                 )     Civil Action No. 1:25-cv-01782-AJT-WBP
                                   )
JEFFREY CRAWFORD,                  )
*et al.*,                          )
                                   )
          Respondents.             )

**ORDER**

Petitioner Kevin Vladimir Henriquez-Perez ("Petitioner") filed a Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), seeking release from Immigration and Customs Enforcement ("ICE") custody that began on September 10, 2025 on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA"), the INA's implementing regulations, and his substantive and procedural due process rights. Upon consideration of the Petition, the memoranda in support thereof and in opposition thereto, and for the reasons stated below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner is a twenty-two-year-old native and citizen of El Salvador who entered the United States in July 2016 at the age of thirteen by presenting himself at a lawful port of entry in El Paso, Texas. [Doc. No. 9-1] ¶¶ 5-6. As an "Unaccompanied Alien Child," ("UAC") pursuant to 6 U.S.C. § 279(g)(2), Petitioner entered the custody of the Office of Refugee Resettlement ("ORR") not long after his arrival; he was also issued a Notice to Appear ("NTA") at removal proceedings. [Doc. No. 9-1] ¶¶ 7-8. The NTA noted that Petitioner had been charged with being

1

inadmissible to the United States as an alien who entered without valid documentation (in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I) and who, at the time of his asylum application, was likely to become a public charge (in violation of 8 U.S.C. § 1182(a)(4)(A)). *Id*. Petitioner was released into the custody of his mother on August 11, 2016. *Id*. ¶ 8. He filed an application for asylum in September 2017 which, after remaining pending for nearly six years, was dismissed in December 2023 on motion of ICE in an exercise of its prosecutorial discretion. *Id*. ¶¶ 10-12.

Petitioner was arrested by ICE agents and detained without a bond hearing on September 10, 2025 pursuant to 8 U.S.C. § 1225(b)(2) and remains in ICE detention. [Petition] ¶ 17. Petitioner was then issued a second NTA, which charged him with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (which the Prior NTA also charged), and under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. [Doc. No. 9-1] ¶ 14. While in detention Petitioner filed a motion for custody redetermination with an Immigration Judge, which was denied for lack of jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). He filed the Petition on October 15, 2025, requesting that this Court order his immediate release or alternatively mandate that ICE hold a bond hearing.

## II.   LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement."

*Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.    DISCUSSION

Petitioner contends that his ongoing detention pursuant to 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act (Count I); the bond regulations (Count II), and the Fifth Amendment of the Constitution (Count III), and requests that he be released, or in the alternative, that he be given a new bond hearing pursuant to of 8 U.S.C. § 1226. [Doc. No. 1] at 12–15.[1]  In their opposition, Respondents argue that Petitioner's detention is lawful and constitutional under the INA because he was detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a). [Doc. No. 4] at 5–15.

As an initial matter, the Court observes that Respondents make the same arguments they made, and this Court rejected, in *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). There, like here, the dispositive issue reduced to whether Petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). Respondents do note that Petitioner's claim is distinct from *Luna Quispe* and other recent habeas petitions by ICE detainees because he arrived at a point of entry, sought admission, and was paroled. However, Respondents' position still rests on in substance the same argument: that notwithstanding his yearslong residence in the United States, Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C.

---

[1] Petitioner also seeks attorney's fees and costs, but Petitioner has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" as required by the Equal Access to Justice Act. *Obando Segura v. Garland*, 999 F.3d 190, 195 (4th Cir. 2021); *Luna Quispe v. Crawford*, 1:25-CV-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025).

§ 1226(a). [Doc. No. 4] at 5–15; *see also Jennings v. Rodriguez,* 583 U.S. 281, 288 (2018) (parole "shall not be regarded as an admission of the alien").

However, neither the fact that Petitioner presented himself at a port of entry; nor his arrival as an UAC without valid documentation (in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I); nor his asylum application, accompanied by a determination that he was likely to become a public charge (in violation of 8 U.S.C. § 1182(a)(4)(A)), establishes that he was or is an "applicant for admission" who should be "treated as if stopped at the border" and thus subject to § 1225(b)(2). This Court rejected similar arguments in *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024). The petitioner in that case had also presented himself at a port of entry and been released into the custody of ORR as an UAC. *Id*. at 914. He then gained Special Immigrant Juvenile ("SIJ") status which, the Court held, rendered him an "alien present" entitled to a bond hearing. *Id*. at 916. Here, Petitioner's removal proceedings were dismissed years after his entry into the United States, which (though not as definitive as SIJ status) similarly weighs against finding him to be an "arriving alien," especially given his nine-year residence in the U.S. *Id*. ("It is this arriving alien status— from more than 10 years ago when Sandoval first arrived at the Southwest border as an eight-year-old boy—that is the sole basis for respondents' contention that Sandoval is not entitled to a bond hearing now."); *see also Andres Salvador v. Bondi, et al*., No. 2:25-CV-07946-MRA-MAA, 2025 WL 2995055, at *1 (C.D. Cal. Sept. 2, 2025) (ordering bond hearing for detained migrant who arrived as UAC).

For all the reasons previously stated in *Luna Quispe,* and consistent with how several other district courts around the country have interpreted the provisions in question, Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention

procedures.[2] Respondents' application of section 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, not those already present. *See Luna Quispe*, 2025 WL 2783799, at *4–6. And as discussed above, the fact that Petitioner arrived at a port of entry and applied for asylum over eight years ago cannot establish that he is still "actively seeking admission." *See Rodriguez*, 747 F. Supp. 3d at 916. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).

With respect to Petitioner's due process claims, Respondents contend that Petitioner is not entitled to constitutional due process since he was mandatorily detained under 8 U.S.C. § 1225(b)(1) and his detention is therefore governed exclusively by that section of the INA. [Doc. No. 4] at 15–22. Having determined that Petitioner's detention is governed by section 1226, the Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes for the reasons stated in *Luna Quispe* that

---

[2] *See, e.g.*, *Gomes v. Hyde*, 2025 WL 1869299 (D. Mass. July 7, 2025); *Martinez v. Hyde*, 2025 WL 2084238 (D. Mass. July 24, 2025); *Lopez Benitez v. Francis*, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *J.O.E. v. Bondi*, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Jacinto v. Trump*, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); *Samb v. Joyce*, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Dos Santos v. Noem*, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Garcia Jimenez v. Kramer*, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Anicasio v. Kramer*, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Rosado v. Figueroa*, 2025 WL 2337099 (D. Ariz. Aug. 11,2025); *Orellana Juarez v. Moniz*, 2025 WL 1698600 (D. Mass. June 11, 2025); *Hernandez Nieves v. Kaiser*, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Vasquez Garcia v. Noem*, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Carmona-Lorenzo v. Trump*, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); *Lopez-Campos v. Ravcroft*, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

Petitioner's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.[3] *See Luna Quispe*, 2025 WL 2783799, at *7–9.

For the above reasons, Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.

## IV.    CONCLUSION

For the above reasons, the Petition is granted, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
November 21, 2025

/s/
Anthony J. Trenga
Senior United States District Judge

---

[3] In opposition to Petitioner's due process claim, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.